Polhemus v. Perkins.

### POLHEMUS v. PERKINS.

The Constable returned, that he had served the summons "by reading it to a *white* person, over the age of fourteen, and left a copy with her at *the* place of abode." *Held*, that this return did not warrant the Justice to proceed in the absence of the defendant.

The Justice stated in his record, that "the plaintiff filed his demand for thirty dollars, the defendant not appearing, the plaintiff proved his demand, and I gave judgment for *the same.*" *Held*, this is not such a judgment as the law requires.

This was a *certiorari* directed to a Justice of the Peace, to remove a judgment rendered before him in a court for the trial of small causes.

*S. R. Hamilton*, for the plaintiff in *certiorari*, moved to reverse the proceedings below. 1st. Because the summons had not been properly served; and 2dly. Because the Justice had not rendered any specific judgment.

BY THE COURT. The statute, *Rev. Laws*, 630, s. 6, directs that if the defendant *is not found*, the summons shall be served by leaving a copy thereof at *his* house, or place of abode, in presence of some *free* person of the family, of the age of

fourteen years, who shall be *informed* of the contents thereof. The Constable in this case, has returned that he served the summons, " by reading it to a *white* person, over the age of fourteen, and left a copy with her at *the* place of abode."

This return did not warrant the Justice to proceed in the absence of the defendant. It is only when the defendant is *not found,* that a service by leaving a copy at his house, is sufficient. The Constable ought therefore to certify, if the fact was so, that the defendant was *not found* by him, so as to be personally served with the summons. That would alone legalize the secondary mode of service. Otherwise a Constable might pass a defendant in the street, or at his very door yard, and instead of serving the summons upon him, proceed to his house and leave a copy there. Or the defendant may be at home and yet the officer, without even inquiring for him, may content himself with leaving a copy with some person at his door. The law contemplates and requires a personal notice to the defendant, when the officer can find him, in the exercise of ordinary and reasonable diligence ; and only substitutes a secondary kind of notice in case the defendant is *not found.* The officer is not bound to ransack the county. He may go directly to the defendant's house, or usual place of abode, and if upon inquiry, is told the defendant is not at home, he may adopt the secondary mode of service prescribed by the statute ; but the reason for his doing so, ought to appear upon his return of the summons. But there is another objection to the return in this case. The Constable read the summons, and left a copy of it with a *white* person above the age of fourteen, at " the " place of abode ; but at whose place of abode, does not appear. *Penny* v. *Harrison,* 2 *Green's R.* 24.

The second error is equally fatal. The Justice states in his record, that " the plaintiff filed his demand for thirty dollars; the defendant not appearing, the plaintiff proved his demand, and I gave judgment for *the same.*" This is not such a judgment as the law requires. *Green* v. *Lawrence,* *Harr. Penn. R.* 621; *Van Houten* v. *Beam.* *Id.* 167. Let it be reversed and set aside on both grounds.

*Judgment reversed.*